UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 08-04616 RGK (FFMx) | | Date | July 29, 2009 |
|---|---|---|---|---|
| Title | *LARA v. LYNWOOD UNIFIED SCHOOL DISTRICT, et al.* | | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   Order Re Supplemental Briefing Re Subject Matter Jurisdiction (DE 60) and Defendant LUSD's Motion for Summary Judgment (DE 47)

## I.  INTRODUCTION

On July 15, 2008, Rene Lara ("Plaintiff") sued Lynwood Unified School District ("LUSD" or "Defendant").[1] Plaintiff's claims arise out of LUSD's alleged breach of the parties' 2006 settlement agreement ("Settlement Agreement").

Presently before the Court is an order for supplemental briefing regarding subject matter jurisdiction and LUSD's Motion for Summary Judgment. For the following reasons, the Court **DISMISSES** the case for lack of subject matter jurisdiction and **DENIES as moot** LUSD's motion for summary judgment.

## II.  FACTUAL BACKGROUND

The parties allege the following facts:

Plaintiff is a mentally disabled adult with a limited reading ability. Before reaching adulthood, Plaintiff filed a due process complaint under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 ("IDEA") against LUSD and LACOE alleging that they denied services to Plaintiff, to which he was entitled under IDEA. On October 12, 2006, the parties entered into the Settlement Agreement, which obligated LUSD and LACOE to provide the Lindamood-Bell reading program[2] to Plaintiff as

---

[1] Initially, Plaintiff also sued the Los Angeles County Office of Education ("LACOE"), but Plaintiff's First Amended Complaint asserts claims solely against LUSD.

[2] According to its website, Lindamood-Bell "is dedicated to enhancing human learning. Our critically acclaimed instructional programs teach children and adults to read, spell, comprehend, and express language." Lindamood-Bell Home Page, http://www.lindamoodbell.com/ (last visited on July 16, 2009). Prior to the settlement, Plaintiff had taken a diagnostic test at, and provided contact information to, Lindamood-Bell.

compensatory education services for three years from the date of execution. Under the Settlement Agreement, Plaintiff was to access the Lindamood-Bell services as he saw fit. According to the Office of Administrative Hearings ("OAH") Order of Dismissal ("OAH Dismissal") of Plaintiff's due process complaint, the parties' settlement was reached outside of a mediation or resolution session.

LUSD alleges that it contracted with Lindamood-Bell by issuing a purchase order on December 13, 2006 authorizing Lindamood-Bell to provide services to Plaintiff. It is unclear if Lindamood-Bell was then willing to provide Plaintiff with the reading services or if Lindamood-Bell required payment or additional authorization before providing services.

In January 2008, Plaintiff wanted to access the Lindamood-Bell services. Plaintiff arranged his work schedule so that he could work the night shift and attend the Lindamood-Bell classes during the day. Plaintiff's attorney contacted LUSD to set up the Lindamood-Bell services. For the next several months, Plaintiff's attorney repeatedly contacted LUSD, but LUSD failed to provide Plaintiff with the requested services and Plaintiff did not receive assurances that those services would be provided. Plaintiff never contacted Lindamood-Bell directly.

Approximately one month before Plaintiff filed this suit, on June 12, 2008, unknown to Plaintiff, LUSD issued a check to Lindamood-Bell for partial payment for the reading program ($20,592.00 of the $28,436.00 due). LUSD issued a check for the balance of $7,844.00 on August 15, 2008. Plaintiff appears to now concede that LUSD has performed the terms of the Settlement Agreement. (Opp'n 5.)

By the time the Lindamood-Bell services became available, Plaintiff could not arrange his work schedule to attend the Lindamood-Bell classes. The night shift was no longer available to Plaintiff and with his "limited reading ability, Plaintiff could find no other job that would allow him to attend" the Lindamood-Bell classes. (First Am. Compl. ¶ 14.) Lindamood-Bell does not offer night classes. Plaintiff continues to work the dayshift and is unable to find employment that will allow him to attend daytime classes.

On October 22, 2008, Plaintiff filed his First Amended Complaint asserting claims for (1) enforcement of the Settlement Agreement, (2) breach of Settlement Agreement and enforcement of that agreement, and (3) attorney's fees and costs.

### III.    DISCUSSION

As an initial matter, the Court must address its recently resurrected concerns about whether the Court has subject matter jurisdiction over this action. The Court first addressed these concerns in its Order granting LUSD's Motion to Dismiss for Lack of Subject Matter Jurisdiction, in which the Court dismissed, with leave to amend, Plaintiff's Complaint because it was unclear from the face of the complaint whether Plaintiff's claims fell within the scope of IDEA's jurisdictional grant to federal courts to enforce settlement agreements reached in a mediation or resolution session.

On October 24, 2008, Plaintiff filed his First Amended Complaint, which LUSD did not challenge based on lack of subject matter jurisdiction.

Recently, however, in briefs addressing LUSD's pending Motion for Summary Judgment, the parties raised the issue of subject matter jurisdiction. Then, on July 14, 2009, LUSD filed a Notice of Lodging and Request for Judicial Notice in which it contends that the Court lacks subject matter jurisdiction because the parties' settlement was not reached in an IDEA mediation or resolution session. In support of its contention, LUSD attached a copy of the January 11, 2007 OAH Dismissal, which states that OAH "received a notice requesting withdrawal/dismissal of a Due Process Hearing

Complaint . . . [due to] Settlement of the case outside Mediation or Resolution Session." (Req. Jud. Not. Ex. 1.)

In order to ensure that both parties had a sufficient opportunity to brief this issue, on July 16, 2009, the Court issued an Order requesting supplemental briefing addressing whether the Court has subject matter jurisdiction over this action. The parties timely filed their supplemental briefs.[3]

After reviewing all relevant briefs and materials, the Court finds that, for the following reasons, it lacks subject matter jurisdiction and thus **DISMISSES, without prejudice**, this action.

Plaintiff contends that the Court has subject matter jurisdiction over this action under 20 U.S.C. § 1415(e), (f). Pursuant to those provisions, if a "resolution is reached to resolve the [due process] complaint through the mediation process . . . [the written agreement] is enforceable in any State court of competent jurisdiction or in a district court of the United States." 20 U.S.C. § 1415(e)(2)(F). If a resolution is reached to resolve a due process complaint at a resolution session, the written agreement is "enforceable in any State court of competent jurisdiction or in a district court of the United States." 20 U.S.C. § 1415(f)(1)(B)(iii).

Several courts have recognized that, according to its plain language, IDEA does not confer jurisdiction on federal district courts to enforce settlement agreements that are not made in IDEA mediations or resolution sessions. *See e.g.*, *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 2007 WL 2219352, *7 (W.D. Mich. 2007); *M.J. ex rel. C.J. v. Clovis Unified Sch. Dist.*, 2007 WL 1033444, *6-8 (E.D. Cal. 2007); *Bowman v. District of Columbia*, 2006 WL 2221703, *2 (D.D.C. 2006); *C.T. ex rel. D.T. v. Vacaville Unified Sch. Dist.*, 2006 WL 2092613, *6 (E.D. Cal. 2006).

Here, the Court finds that it lacks subject matter jurisdiction over this action because the Settlement Agreement was not made in an IDEA mediation or resolution session.

First, Plaintiff concedes that the Settlement Agreement was "not finished nor signed until some time after [] mediation." (Pl.'s Br. Re Subject Matter Jurisdiction 2:15.)

Second, even if, as Plaintiff contends, the parties' agreed on key provisions of their agreement during the last session of the mediation, the parties did not seem to draft the Settlement Agreement as if it had been reached in an IDEA mediation. Specifically, the Settlement Agreement lacks a required provision for agreements reached in an IDEA mediation. That provision requires that the settlement agreement state that "all discussions that occurred during the mediation process shall be confidential and may not be used as evidence in any subsequent due process hearing or civil proceeding . . ." 20 U.S.C. § 1415(e)(2)(F).

Third, the OAH Dismissal explicitly states the settlement of the case was not reached during a mediation or resolution session. (Req. for Jud. Not. Ex. 1.) Rather, it states that "Settlement of the case [was reached] outside Mediation or Resolution Session." (Req. for Jud. Not. Ex. 1.)

---

[3] Despite the fact that Plaintiff's counsel has been on notice of the Court's subject matter jurisdiction concerns since at least October 2, 2008, when the Court initially dismissed this action for lack of subject matter jurisdiction because it was unclear whether the settlement was reached in an IDEA mediation or resolution session, in her Declaration, Plaintiff's counsel requests more time to obtain files regarding the underlying due process complaint. It has now been over a week since Plaintiff's counsel filed her Declaration, and she has not filed any other documents supporting her contention that the Settlement Agreement falls within the scope of IDEA.

In light of the fact that Congress's grant of jurisdiction over claims seeking enforcement of settlement agreements of due process complaints under IDEA is limited solely to settlements reached in IDEA mediations or resolution sessions, and Plaintiff's current claims assert enforcement and breach[4] of a settlement agreement that was not reached in a mediation or resolution session, the Court lacks jurisdiction over this action.

Thus, the Court **DISMISSES, without prejudice**, this action for lack of subject matter jurisdiction.

## IV.   CONCLUSION

In light of the foregoing, the Court **DISMISSES, without prejudice**, this action for lack of subject matter jurisdiction and **DENIES as moot** LUSD's Motion for Summary Judgment.

**IT IS SO ORDERED.**

|                     | :     |
|---------------------|-------|
| Initials of Preparer | yrl   |

---

[4] Even if the Court had subject matter jurisdiction over Plaintiff's claim for enforcement of the Settlement Agreement, that claim would still fail because Plaintiff failed to exhaust his administrative remedies and has conceded that LUSD has performed its obligations under the Settlement Agreement. Without that claim, the Court would lack jurisdiction over Plaintiff's remaining claims, which appear to arise under state law because IDEA's jurisdictional grant applies to "enforcement" not "breach" of settlement agreements.